UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIE INSURANCE COMPANY, as subrogee
of Clarence Riffle,

                          Plaintiff,

        -v-                                                1:13-CV-00092

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, SAM'S TIRES &
AUTOMOTIVE, INC., and JERRY ROSATO,


                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                               OF COUNSEL:

HURWITZ, FINE LAW FIRM                     CASSANDRA A. KAZUKENUS, ESQ.
Attorneys for Plaintiff                    DAN D. KOHANE, ESQ.
1300 Liberty Building
423 Main Street
Buffalo, NY 14202

RIVKIN, RADLER LAW FIRM                    ALAN C. EAGLE, ESQ.
Attorneys for Defendants Travelers Property    FRANK A. VALVERDE, ESQ.
    Casualty Company of America &
    Jerry Rosato
West Tower, Tenth Floor
926 RXR Plaza
Uniondale, NY 11556

HORIGAN, HORIGAN LAW FIRM                   TIMOTHY HORIGAN, ESQ.
Attorneys for Defendant Sam's Tires &
    Automotive, Inc.
P.O. Box 520
49 East Main Street
Amsterdam, NY 12010


DAVID N. HURD
United States District Judge

<u>**MEMORANDUM–DECISION and ORDER**</u>

## I. <u>INTRODUCTION</u>

This case arises from a dispute between Erie Insurance Company ("Erie") and

Travelers Property Casualty Company of America ("Travelers") following the settlement of a

personal injury action (the "underlying action") initiated by Kyle Wagner ("Wagner") against

Jerry Rosato ("Rosato"), Sam's Tires & Automotive, Inc. ("Sam's Tires"), and Clarence Riffle

("Riffle").

Erie, as subrogee of Riffle, filed this action in state court seeking declarations that

Travelers:  (1) breached its obligation to defend Riffle in the underlying action; and (2) is

barred from subrogating against Riffle in any later action.

Travelers removed to federal court and counterclaimed for declarations that:  (1) it was

not obligated to provide a defense to either Riffle or Sam's Tires in the underlying action; and

(2) Erie must satisfy an indemnification judgment obtained by Rosato against Riffle and

Sam's Tires in the underlying action.

Erie and Travelers have cross-moved for summary judgment pursuant to Federal Rule

of Civil Procedure ("Rule") 56.  Both motions were fully briefed and oral argument was heard

on Friday, March 28, 2014, in Utica, New York.  Decision was reserved.[1]

## II. <u>FACTUAL BACKGROUND</u>

The following facts are undisputed.[2]  Rosato owned a 1998 GMC Sonoma truck (the

"GMC truck") insured by Travelers under a personal auto policy.  Rosato was also the

---

[1] Counsel for Sam's Tires submitted a letter response indicating that it did not oppose either party's motion.  ECF No. 28.

[2] <u>Compare</u> Travelers' Rule 7.1 Statement of Material Facts, ECF No. 26-11, <u>with</u> Erie's Response to Statement of Facts, ECF No. 34-1.

president of Sam's Tires, an auto repair shop, insured by Erie under a business auto policy. The GMC truck personally owned by Rosato (and insured by Travelers) was often used by employees of Sam's Tires in connection with business purposes.

On September 19, 2007, Sam's Tires sent Riffle to deliver products to another auto repair shop using the GMC truck. During this delivery, Riffle struck a motorcycle being operated by Wagner. Rosato reported the accident to Travelers the very next day.

On October 9, 2007, Travelers issued a disclaimer letter to Rosato, Wagner, and Sam's Tires. It explained that Riffle's use of the GMC truck was not covered by Rosato's personal auto policy, which excluded vehicles "being used or maintained in an auto business." Although this "auto business" exclusion contained an exception for "[Rosato], a relative, or any partner or employee of either, for [the GMC truck] while it is being used or maintained in such a business," Travelers determined that this exception did not apply because the accident occurred when Riffle was making a delivery "on behalf of his employer, Sam's Tires."[3]

On July 17, 2008, Wagner filed the underlying action against Riffle, Rosato, and Sam's Tires in state court. Wagner's complaint alleged, in separate paragraphs, that Riffle was an employee of both Sam's Tires <u>and</u> Rosato. Valverde Decl., Ex. E, ECF No. 24-6, ¶¶ 8, 9. It further alleged, again in separate paragraphs, that Riffle was operating the GMC truck at the direction of both Sam's Tires <u>and</u> Rosato. <u>Id</u>. ¶¶ 11, 13.

On August 8, 2008, Rosato answered the complaint. Valverde Decl., Ex. F, ECF No. 24-7. Rosato's answer admitted that Riffle was an employee of Sam's Tires but denied that

---

[3] In other words, Travelers' policy would only have covered Riffle if he had been acting directly as Rosato's employee, and not as an employee of Rosato's corporation, Sam's Tires.

Riffle was his employee. Id. ¶¶ 1, 3. Rosato's also asserted a crossclaim against Riffle and Sam's Tires for common law indemnity "and/or" contribution. Id. ¶ 14.

On September 12, 2008, Erie answered Wagner's complaint on behalf of Rosato, Riffle, and Sam's Tires under the business auto policy Erie had issued to Sam's Tires. Erie's answer also admitted that Riffle was an employee of Sam's Tires and denied he was an employee of Rosato. Valverde Decl., Ex. G, ECF No. 24-8, ¶¶ 1, 3.

On August 4, 2009, Travelers received a copy of a letter sent from Riffle's personal defense counsel to Rosato's defense counsel, which requested that Travelers defend and indemnify Riffle in the underlying action based on the personal auto policy it had issued to Rosato. By letter dated August 17, 2009, Travelers reiterated its prior disclaimer based on the "auto business" exclusion.

On June 28, 2011, the state court in the underlying action granted summary judgment in favor of Wagner against Riffle, Rosato, and Sam's Tires. The court also granted summary judgment in favor of Rosato on his crossclaim against Riffle and Sam's Tires. Erie settled with Wagner on behalf of Riffle and Sam's Tires for $500,000; Travelers settled with Wagner on behalf of Rosato for $250,000.

On December 12, 2012, the state court in the underlying action entered a $250,000 judgment in favor of Rosato against Riffle and Sam's Tires based on his indemnification crossclaim, but noted that "all coverage issues by and between the carriers of the defendants remain undecided." Travelers demanded that Erie satisfy this judgment against Erie's insureds, Riffle and Sam's Tires. Erie refused and then commenced this action with Travelers' counterclaims to follow.

## III. **DISCUSSION**[4]

### A. **Motion for Summary Judgment—Legal Standard**

The entry of summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). A fact is "material" for purposes of this inquiry if it "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248; see also Jeffreys v. City of N.Y., 426 F.3d 549, 553 (2d Cir. 2005). A material fact is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

When summary judgment is sought, the moving party bears the initial burden of demonstrating that there is no genuine issue of material fact to be decided with respect to any essential element of the claim. Id. at 250 n.4. The failure to meet this burden warrants denial of the motion. See id. In the event this initial burden is met, the opposing party must show, through affidavits or otherwise, that there is a material issue of fact for trial. Id. at 250.

When deciding a summary judgment motion, a court must resolve any ambiguities and draw all inferences from the facts in a light most favorable to the non-moving party. Jeffreys, 426 F.3d at 553. Summary judgment is inappropriate where "review of the record reveals sufficient evidence for a rational trier of fact to find in the [non-movant's] favor." Treglia v.

---

[4] Jurisdiction in this action is based on diversity of the parties. 28 U.S.C. § 1332; ECF No. 26, ¶¶ 1-6. Because both parties have used New York law in their briefs and arguments, New York law will apply to resolve the claims. See Fed. Ins. Co. v. Am. Home Assurance Co., 639 F.3d 557, 566 (2d Cir. 2011) ("Under New York choice of law rules . . . where the parties agree that New York law controls, this is sufficient to establish choice of law.").

Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002) (citations omitted); see also Anderson, 477 U.S. at 250 (summary judgment is appropriate only when "there can be but one reasonable conclusion as to the verdict").

## B. **Erie's Motion for Summary Judgment**[5]

Erie argues that: (1) Travelers breached its duty to defend Riffle in the underlying action; (2) Travelers' disclaimer was ineffective; and (3) Sam's Tires was only vicariously liable in the underlying action.

### 1. **Duty to Defend**

Erie initially argued that Travelers was barred from relying on the "auto business" exclusion because it had breached its duty to defend Riffle in the underlying action. Erie's Mem. Supp. Summ. J., ECF No. 25-15, 10-11 ("Erie's Mem."). However, an intervening change in case law forced Erie to concede this argument in its reply memorandum. See Erie Reply Mem. 2.

The centerpiece of that argument was a recent New York Court of Appeals decision that had altered the longstanding rule that an insurer's ultimate duty to indemnify was determined by whether the actual facts determined in the underlying action fell within a policy exclusion. Servidone Constr. Corp. v. Sec. Ins. Co. of Hartford, 477 N.E.2d 441, 445 (N.Y. 1985) ("[T]he duty to pay is determined by the actual basis for the insured's liability to a third person."). In K2 Investment Group, the Court of Appeals seemingly abandoned this rule,

---

[5] As Travelers correctly notes in its opposition memorandum, Erie failed to submit a Statement of Material Facts as required by Local Rule 7.1(a)(3), which states that "[f]ailure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion." Nevertheless, "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 74 (2d Cir. 2001) (citations omitted). Because Travelers does not appear to have suffered any prejudice as a result of Erie's failure to comply, it will be overlooked in resolving this motion.

reasoning that because the duty to defend an insured party is a broad concept triggered by the allegations in the complaint, an insurer who fails to defend cannot avoid paying a later judgment, even if the "actual facts" of the claim ultimately fall within a policy exclusion. K2 Inv. Grp, LLC v. American Guarantee & Liab. Ins. Co. ("K2-I"), 993 N.E.2d 1249, 1251 (N.Y. 2013) ("[W]hen a liability insurer has breached its duty to defend its insured, the insurer may not later rely on policy exclusions to escape its duty to indemnify the insured for a judgment against him.").

Here, Travelers disclaimed coverage prior to Wagner's lawsuit on the basis of the "auto business" exclusion in Rosato's policy—it took the position that because Riffle was acting as an employee of Sam's Tires and not Rosato at the time of the accident, the policy exclusion applied.

Even though the state court in the underlying action ultimately noted that this exclusion was applicable, K2 Investment Group would have allowed Erie to argue that if Travelers had breached its initial duty to defend Riffle based on the broad allegations in Wagner's complaint, Travelers would be precluded from relying on the "auto business" exclusion to refuse to indemnify and reimburse Erie for its defense of Riffle. This would have theoretically allowed Erie to recover from Travelers the $500,000 it paid as part of the settlement in the underlying action.

Unfortunately for Erie, the New York Court of Appeals vacated its holding in K2 Investment Group on February 18, 2014. K2 Inv. Grp, LLC v. American Guarantee & Liab. Ins. Co., 2014 WL 590662 (N.Y. Feb. 18, 2014) (explicitly vacating K2-I and endorsing the Servidone doctrine). Erie concedes this point by admitting in its reply memorandum that "the

decision relied upon" has been overturned and focusing on its two remaining arguments.[6]
Erie Reply Mem. 3.

### 2. Travelers' Disclaimer

Erie's next argument also comes in two stages.  First, it argues that Travelers' October

9, 2007, disclaimer was ineffective because it "does not contain a sufficient factual basis to

make it clear that Riffle was not provided coverage because he was not employed by

Rosato." Erie's Mem. 12.  If the court finds the disclaimer ineffective, Erie further contends

that the antisubrogation rule bars Travelers from enforcing its judgment against Riffle (or his

insurer, Erie) because Riffle would be considered an insured under Travelers' policy.

Under New York law, an insurer must "give written notice as soon as is reasonably

possible of such disclaimer of liability or denial of coverage to the insured and the injured

person or any other claimant."  N.Y. Ins. Law § 3420(d)(2).  This written notice "must

promptly apprise the claimant with a high degree of specificity of the ground or grounds on

which the disclaimer is predicated."  Gen. Acc. Ins. Group v. Cirucci, 387 N.E.2d 223 (N.Y.

1979) (per curiam).

However, "even where disclaimer letters have misquoted or partially omitted the

language of an exclusion in a policy, New York courts have held that the disclaimer remains

valid as long as it identified the applicable policy exclusion and set forth the factual basis for

the insurer's position that the claim fell within a policy exclusion with sufficient specificity to

satisfy the statutory mandate and purpose."  Atlantic Cas. Ins. Co. v. Coffey, 2013 WL

---

[6]  As discussed below, Travelers had no duty to defend Riffle in the underlying action.

6482693, at *1 (2d. Cir. 2013) (summary order) (internal quotation marks omitted) (collecting cases).

Here, Erie identifies an arguable technical error in Travelers' disclaimer by noting that Traveler's ultimate conclusion, found on page three of the disclaimer letter, "completely left out" the policy language regarding employees of Rosato, the policyholder. Erie Reply Mem. 3. Travelers argues the disclaimer was sufficiently specific because the first paragraph of the disclaimer states that "Mr. Riffle was making a delivery to Baldwin's Garage on behalf of his employer, Sam's Tires" and the disclaimer further quotes the relevant policy exclusion in full before explaining that the GMC truck was being used in an "auto business" at the time of the accident.

Importantly, the notice provision of § 3420(d)(2) "is intended to ensure clear notice to the insured parties of the precise exclusion that the insurer invokes." Coffey, 2013 WL 6482693, at *2; see also Gen. Accident Ins. Grp., 387 N.E.2d at 225 ("Absent such specific notice, a claimant might have difficulty assessing whether the insurer will be able to disclaim successfully."). A review of Travelers' October 9, 2007, disclaimer reveals that it clearly invoked the "auto business" exclusion in disclaiming coverage. See Kohane Aff., Ex. J, ECF No. 25-11. Page one of the disclaimer provides the factual summary upon which Travelers bases its determination: "Riffle was making a delivery to Baldwin's Garage on behalf of his employer, Sam's Tires." Page two of the disclaimer quotes the "auto business" exclusion in full, including the covered "employee" exception. Page three of the disclaimer concludes that the GMC truck "is excluded from coverage" and that "[n]o defense or indemnification of either [Riffle] or [Sam's Tires] will be provided."

Travelers' factual basis for the disclaimer—as well as its resulting rationale for refusing coverage—was obvious, and the mere fact that the second iteration of the quoted exclusionary language, found on the third page of the disclaimer, contains a minor misquote will not defeat the disclaimer's efficacy.

Because Travelers' disclaimer was effective, Riffle was never an insured under the policy and there is no need to address the effect of the antisubrogation rule.[7]  Accordingly, Erie is not entitled to a declaration that Travelers is barred from subrogating against Riffle.

### 3. **Vicarious Liability**

Erie's final argument is that Travelers cannot enforce Rosato's judgment against Sam's Tires because the court in the underlying action never determined whether Sam's Tires was "actively negligent" or that it "had any negligence independent of Riffle's."  Erie Mem. 14-15.  Travelers responds that New York Insurance Law § 3420(b), the basis for its counterclaim, permits a direct action against an insurer liable for a judgment without regard for an "active wrongdoer" qualification.  Travelers Mem. Opp'n 23-24.  Erie replies that this is inapplicable because Travelers' rights "arise out of its subrogration rights."  Erie Reply Mem. 6.

Here, Rosato was held vicariously liable in the underlying action pursuant to § 388 of New York's Vehicle and Traffic Law "due to his ownership of the [GMC truck]," while Sam's Tires was held vicariously liable by virtue of the doctrine of respondeat superior as Riffle's employer.  Valverde Decl., Ex. H, ECF No. 24, 3-5.  Rosato, as the vehicle owner subject to vicarious liability under § 388, is entitled to complete indemnity from Sam's Tires, the

---

[7]  Erie concedes in its reply memorandum that an analysis of the antisubrogration rule is only necessary if Travelers' disclaimer is found ineffective.  Erie Reply Mem. 2.

employer of the negligent tortfeasor.[8]  See, e.g., Mallouris v. Re Spec Corp., 114 Fed. Appx. 436, 439 (2d Cir. 2004) (summary order) (holding that "a vehicle owner vicariously liable under § 388 . . . is entitled to complete indemnity from . . . the employer of the negligent tortfeasor"); see also Hertz Corp. v. Dahill Moving & Storage Co., 79 A.D.2d 589 (N.Y. 1980) (noting that "[the corporation], through its agent, the operator of the truck, was the primary and active tortfeasor" based on a theory of respondeat superior); Denton Leasing Corp. v. Breezy Point Surf Club, Inc., 133 A.D.2d 95, 96 (N.Y. App. Div. 2d Dep't 1987) ("The plaintiff, as the owner of the automobile involved in the accident, is only statutorily liable under [§ 388], and a right of indemnification exists against the driver of the car [ ] and his employer . . . under a theory of respondeat superior.").  Accordingly, the lack of "active negligence" by Sam's Tires does not preclude the enforcement of Rosato's judgment in the underlying action.

### C.  Travelers' Motion for Summary Judgment

Travelers seeks a declaration that it was not obligated to defend Riffle or Sam's Tires in the underlying action.  It also seeks a declaration that Erie must satisfy the $250,000 indemnification judgment obtained by Rosato against Sam's Tires and Riffle in the underlying action.

### 1.  Duty to Defend

While an insurer's duty to defend under New York law is "exceedingly broad," it only persists until it is "certain" that the policy does not provide coverage for the insured.  Century

---

[8]  Travelers, as Rosato's subrogee, enjoys the same right to indemnification as Rosato.  Winkelmann v. Excelsior Ins. Co., 650 N.E.2d 841, 844 (N.Y. 1995) ("[A]n insurer who has paid the policy limits possesses the derivative and limited rights of the insured.").

21, Inc. v. Diamond State Ins. Co., 442 F.3d 79, 84 (2d Cir. 2006).  The rationale for this broad rule is that "[p]olicyholders are entitled to be defended even if the underlying action is frivolous or rests on debatable theories."  Nat'l Union Fire Ins. Co. v. AARPO, Inc., No. 97 Civ. 1438 (JSM), 1999 WL 14010, at *3 (S.D.N.Y. Jan. 14, 1999).  In determining whether a duty to defend exists, a court may "look to some limited material outside the four corners of the complaints . . . . [including] an insured's judicial admissions in pleadings and other submissions, judicial findings in another proceeding, and extrinsic evidence made known to the insurer and which indicates that the claims would be covered regardless of the form of the pleadings."  QBE Ins. Corp. v. Adjo Contracting Corp., 32 Misc. 3d 1231(A) (N.Y. Sup. Ct. 2011) (unreported disposition) (citing Technicon Elecs. Corp. v. American Home Assurance Co., 542 N.E.2d 1048 (N.Y. 1989); Town of Moreau v. Orkin Exterminating Co., Inc., 165 A.D.2d 415 (3d Dep't 1991); Fitzpatrick v. American Honda Motor Co., Inc., 575 N.E.2d 90, 92 (N.Y. 1991)).  However, a court should "not attempt to impose the duty to defend on an insurer through a strained, implausible reading of the complaint."  Northville Indus. Corp. v. Nat'l Union Fire Ins. Co., 679 N.E.2d 1044, 1049 (N.Y. 1997).

Here, the allegations in Wagner's complaint—that Riffle was acting as an employee of Sam's tires as well as an employee of Rosato at the time of the accident—raised an ambiguity when measured against the remainder of the document.  See, e.g., Valverde Decl., Ex. E, ¶ 19 (alleging that Riffle was making a delivery "pursuant to the instruction of his employer").

This ambiguity was clarified by the responsive pleadings, when Sam's Tires, Riffle, and Rosato all admitted that Riffle was acting only on behalf of Sam's Tires at the time of the accident.  Valverde Decl., Ex. F, ECF No. 24-7, ¶¶ 1, 3; Ex. G, ECF No. 24-8, ¶¶ 1-3; see

also <u>Northville Indus. Corp.</u>, 679 N.E.2d 1044 at 1049 ("[A] court may look to judicial admissions in the insured's responsive pleadings in the underlying tort action or other formal submissions in the current or underlying litigation to confirm or clarify the nature of the underlying claims.").

It is also worth noting that although Travelers did ultimately defend Rosato—its policyholder—in the underlying action, Riffle did not even demand coverage as an insured under the Travelers policy until a letter dated August 4, 2009, months after all parties had admitted in their responsive pleadings that Riffle was acting only on behalf of Sam's Tires. <u>Cf</u>. <u>Technicon Elecs. Corp</u>, 542 N.E.2d at 1051 ("Inasmuch as the underlying complaint alleges and [defendant's] answer concedes that its dumping of wastes was deliberate, the occurrence cannot be 'accidental' within the meaning of the policy.").

Likewise, the fact that Erie now "admits that Riffle was not [Rosato's] employee at the time of the accident" in the current litigation lends further support to the conclusion that Travelers did not breach its duty to defend Riffle in the underlying action by relying on the "auto business" exclusion. <u>See</u> Erie Reply Mem. 2. Accordingly, Travelers is entitled to a declaration that it did not owe a duty to defend Riffle or Sam's Tires in the underlying Action.

## 2. **New York Insurance Law**

New York Insurance Law permits an action by a judgment creditor against an insurer where a personal injury judgment obtained against its insured goes unsatisfied for more than thirty days. N.Y. Ins. Law § 3420(a)(2). New York Insurance Law also permits "any person subrogated to the judgment creditor's rights under such judgment" to "enforce a right of contribution or indemnity. § 3420(b)(2).

Here, Erie does not dispute that the state court in the underlying action entered judgment in favor of Rosato indemnification claim against Sam's Tires and Riffle for $250,000 on December 12, 2012. Valverde Decl., Ex. K, ECF No. 24-12. Erie also admits that both Sam's Tires and Riffle are "jointly and severally liable" for this amount. Id. Finally, Erie admits that Travelers made a timely demand for satisfaction of this judgment on March 13, 2013. Crouse Aff., Ex. J, ECF No. 26-10.

Therefore Travelers, as subrogee of Rosato, may enforce a right of indemnification against Erie to satisfy the $250,000 judgment because it has gone unsatisfied for more than thirty days. Accordingly, Travelers is entitled to a favorable declaration on its counterclaim.

## V. <u>CONCLUSION</u>

The New York Court of Appeals' vacatur of <u>K2-I</u> could not have come at a worse time for Erie. Even viewing the evidence in the light most favorable to Erie on Travelers' motion for summary judgment, Travelers did not owe a duty to defend Riffle or Sam's Tires in the underlying action. Nor is Travelers' barred from subrogating against Riffle—because Travelers' disclaimer was effective, Riffle was not an insured under Travelers' policy and therefore the antisubrogation rule does not apply. In light of these legal determinations, Erie's complaint—which was seeking inverse declarations—will be dismissed. Consequently, Travelers, as subrogee of judgment creditor Rosato, may enforce the $250,000 judgment obtained by Rosato against Riffle and Sam's Tires in the underlying action.

Therefore, it is

ORDERED that

1. Plaintiff Erie Insurance Company's, as subrogee of Clarence Riffle, Motion for Summary Judgment is DENIED;

2.  Plaintiff Erie's complaint is DISMISSED;

3.  Defendant Travelers Property Casualty Company of America's Motion for Summary Judgment is GRANTED;

4.  Travelers was not obligated to provide a defense to Riffle or Sam's Tires in the underlying action;

5.  Erie must satisfy the December 12, 2012 state court judgment in favor of Travelers' insured, Rosato, against Erie's insureds, Riffle and Sam's Tires;

6.  Erie is directed to pay Travelers $250,000 plus 9% interest from December 12, 2012 to the date of payment to satisfy said judgment; and

7.  Payment shall be made on or before May 2, 2014.

The Clerk of the Court is directed to enter a judgment accordingly and close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  April 3, 2014.
        Utica, New York.